## BROWNSON v. DODSON–FISHER–BROCKMANN CO.

(Circuit Court, D. Minnesota, Fourth Division. December 24, 1895.)

PATENTS—INVENTION—HORSE COLLARS.

The Brownson patent, No. 507,209, for an improvement in seams for horse collars, consisting of a welt bridging the joint, and a line of staples straddling the joint and passing through both welts, *held* valid, in view of the fact that it has gone into such extensive use as to practically revolutionize the trade.

This was a bill in equity by Ralph Brownson against the Dodson-Fisher-Brockmann Company for infringement of a patent relating to horse collars.

T. D. Merwin, for complainant.

Paul & Hawley (A. C. Paul, of counsel), for defendant.

NELSON, District Judge. This suit is brought for infringement of complainant's patent for an improvement in seams for horse collars, No. 507,209, dated October 24, 1893, the claim whereof is as follows:

"The herein-described leather article, provided with a seam, consisting of the two abutting edges to be united, a welt bridging the joint between the abutting edges on each side, and a line of staples straddling the joint, passing through both welts and clinched, substantially as described."

Defendant admits it is manufacturing horse collars identical with those made by complainant under his patent. Hence, the only question involved is the validity of the patent itself, which is very doubtful, if the joints or seams used in the manufacture of boots and shoes and paper barrels are considered. The purpose in all those patents is to strengthen and reinforce, so as to resist strain and prevent wear; but by the complainant's method he secures, not only a strong and durable, but a smooth and flexible seam, which he claims is very desirable in a horse collar. The elements of his patent are very close to a mere aggregation, and I should hesitate about finding invention involved, if the fact did not appear that these metal-seamed collars are demanded by the trade, and by it recognized as a substantial improvement over those made with the old-style seams; so much so that some makers of the latter, unable to compete, have abandoned their manufacture, obtained machinery, and are making collars with metal seams, under license from complainant; in fact, the defendant itself has adopted the very method of manufacture employed by complainant. In fact, the testimony of complainant and his witnesses shows that his collars have revolutionized the trade. This success, and acceptance by the public, with the extent of the revolution made in that department of art, induce me to hold that complainant has invented a new and useful improvement, and is entitled to protection against defendant as an infringer. A decree will be entered for complainant.